OPINION
{¶ 1} On March 29, 2000, appellant, Elizabeth Saret, gave birth to twin sons. On June 26, 2000, appellant, together with appellee, James McGrath, executed an acknowledgement of paternity form, naming appellee as the father of the twins.
 {¶ 2} On March 6, 2001, the parties agreed to genetic testing to establish the paternity of the twins. Said agreement acknowledged that appellant and the twins would be moving to California. Appellant did not submit herself or the twins for the agreed upon genetic testing.
 {¶ 3} On June 25, 2001, appellee filed a complaint for rescission of the acknowledgement of paternity. On August 27, 2002, the trial court ordered appellant to submit herself to genetic testing within thirty days or an order would be issued stating appellee was not the father of the twins. A nunc pro tunc entry was filed on August 28, 2002 to include the twins for genetic testing.
 {¶ 4} Because appellant did not submit herself and the twins for genetic testing per the August 28, 2002 order, appellee filed a motion for summary judgment on October 15, 2002. By judgment entry filed March 12, 2003, the trial court issued an order stating appellee was not the biological father of the twins.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "The Trial court erred in granting summary judgment in the within cause in favor of the plaintiff."
 I {¶ 7} Appellant claims the trial court erred in granting summary judgment to appellee. Specifically, appellant challenges the jurisdiction of the trial court to order genetic testing because of failure of service on her and the twins.
 {¶ 8} The complaint filed on June 25, 2001 requested genetic testing and rescission of the acknowledgement of paternity. The original service of summons on appellant and the twins failed as noted on the court's docket dated August 7, 2001. Original mail service was attempted, but it failed on September 12, 2001. Affidavits for service by publication pursuant to Civ.R. 4.4 were made on February 26, 2002 and April 8, 2002, with entries for publication entered on February 27, 2002 and April 8, 2002. Affidavits of publication for six weeks were filed on August 1, 2002. Appellant filed an answer on July 12, 2002, but preserved the issues of personal and subject matter jurisdiction.
 {¶ 9} The complaint sub judice at paragraph 6 acknowledged the parties "are currently before this Court in Case No. 00 DR 559, with regard to a determination of parental rights and responsibilities related to the McGrath Children." In the parties' agreement dated March 6, 2001 at Article 13, attached to appellee's June 25, 2002 memorandum in opposition of defendant's motion to dismiss, appellant consented to the jurisdiction of Fairfield County, Ohio as follows:
 {¶ 10} "The parties stipulate that the Fairfield County Court of Common Pleas, Domestic Relations Division has full personal, in rem and subject matter jurisdiction over all issues related to this Entry and that said court shall be the exclusive court of jurisdiction for any future issues relating to the children unless both Plaintiff and Defendant consent to a change of jurisdiction in writing."
 {¶ 11} Based upon the above waiver of jurisdiction, we find the Fairfield County Court of Common Pleas, Domestic Relations Division, to have personal and subject matter jurisdiction over this case.
 {¶ 12} On a side note, appellant argues the statute cited in the complaint and relied upon for rescission, R.C. 5101.314(B)(2), was repealed on March 22, 2001, prior to the filing of the complaint. The statute was re-numbered and included in R.C. Chapter 3111 as R.C. 3111.28, effective March 22, 2001. Because the new statute provides the same remedy as requested, we find appellant's objection on this issue to be without merit as appellant was clearly in notice of the request to rescind the acknowledgement of paternity despite the error.
 {¶ 13} Appellant also challenges the trial court's decision to revoke the acknowledgement of paternity for failure to comply with the trial court's August 28, 2002 order.
 {¶ 14} In its judgment entry filed March 12, 2003, the trial court found the following:
 {¶ 15} "The original motion for summary judgment was filed on July 11, 2002. The court on August 27, 2002 ordered defendant to submit herself and the children to genetic testing within 30 days `or the court will order the plaintiff is not the biological father of the two children and the case will be closed.'
 {¶ 16} "* * *
 {¶ 17} "The court believes the issue of parentage is a valid concern and since the defendant did not submit to genetic testing within 30 days of January 9, 2003 and no stay was granted by any court, the court does grant summary judgment to plaintiff and orders that plaintiff is not the biological father of the two children and this case is closed."
 {¶ 18} R.C. 3111.28 governs an action to rescind acknowledgement and states, "The court shall treat the action as an action to determine the existence or nonexistence of a parent and child relationship pursuant to sections 3111.01 to 3111.18 of the Revised Code." R.C. 3111.09 governs genetic tests. Subsection (A)(2) states the following in pertinent part:
 {¶ 19} "If the alleged father of a child brings an action under sections 3111.01 to 3111.18 of the Revised Code and if the mother of the child willfully fails to submit to genetic testing or if the mother is the custodian of the child and willfully fails to submit the child to genetic testing, the court, on the motion of the alleged father, shall issue an order determining the existence of a parent and child relationship between the father and the child without genetic testing. If the mother or other guardian or custodian of the child brings an action under sections 3111.01 to 3111.18 of the Revised Code and if the alleged father of the child willfully fails to submit himself to genetic testing or, if the alleged father is the custodian of the child and willfully fails to submit the child to genetic testing, the court shall issue an order determining the existence of a parent and child relationship between the father and the child without genetic testing. If a party shows good cause for failing to submit to genetic testing or for failing to submit the child to genetic testing, the court shall not consider the failure to be willful."
 {¶ 20} In this case, the father, appellee, is attempting to establish the nonexistence of a parent and child relationship. We note it is clear from the procedural history of this case that appellant's failure to submit herself and the twins for genetic testing was not willful. From the inception of this case, appellant challenged the trial court's jurisdiction to hear appellee's complaint. Following the August 28, 2002 order for genetic testing, appellant filed an appeal contesting jurisdiction. This court dismissed the appeal for lack of final appealable order. Now that we have found jurisdiction, appellant is to carry out the trial court's order of August 28, 2002 and submit herself and the twins for genetic testing within thirty days of the journalization of this opinion and accompanying judgment entry. If appellant fails to comply, the trial court may reissue its March 12, 2003 judgment entry.
 {¶ 21} The sole assignment of error is granted in part.
 {¶ 22} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby reversed and remanded.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.